1

2

3

4

5

6

7

8

9

10

Mark A. Ellingsen
WITHERSPOON KELLEY
Attorneys & Counselors
The Spokesman-Review Building
608 Northwest Boulevard, Suite 300
Coeur d'Alene, ID 83814
Telephone:     (208) 667-4000
Facsimile:     (208) 667-8470
mae@witherspoonkelley.com

Attorneys for Creditor Washington Trust Bank

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re | Bk. No. 18-01287-TLM |
| LAWRENCE WILLIAM ESQUIVEL and TARA MICHELLE ESQUIVEL, | Chapter 7 |
| Debtors. | |
| WASHINGTON TRUST BANK, | Adversary Proceeding No. |
| Plaintiff, | ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS |
| v. | |
| LAWRENCE WILLIAM ESQUIVEL and TARA MICHELLE ESQUIVEL, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22         Plaintiff, Washington Trust Bank, (hereinafter referred to as "WTB") files this Adversary

23     Complaint to object to the Debtors' discharge pursuant to 11 U.S.C. § 727 and in support thereof

24     respectfully represents to the Court as follows:

25

26

27

28

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 1
K:\wdocs\cdamain\92400\0129\C0257235.DOC

## I.     JURISDICTION

1.1     This Court has jurisdiction over the subject matter of this Complaint as a core

proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(J) since this is a proceeding to

object to Debtor's discharge pursuant to 11 U.S.C. § 727.  Venue is proper pursuant to 28 U.S.C.

§ 1409(a).

1.2     This Court has fixed the last day to file this Complaint as December 1, 2019.  The

Complaint in this action has been timely filed.

## II.     PARTIES

1.3     WTB reasserts paragraphs 1.1 through 1.2 above by reference as if specifically set

forth herein.

1.4     Lawrence W. Esquivel and Tara M. Esquivel filed a Voluntary Petition for relief

under Chapter 13 of Title 11 of the United States Code (hereinafter referred to as the "Code") in

this Court on or about September 30, 2018.  The Chapter 13 proceeding was then ordered

converted to a Chapter 7 proceeding pursuant to the Chapter 13 Trustee and WTB's motion to

convert based upon a bad faith filing.

1.5     WTB alleges that at all times material to this action, Lawrence W. Esquivel and

Tara M. Esquivel are husband and wife under the laws of the State of Idaho and reside in Ada

County, Idaho.

1.6     The Debtors may be served, pursuant to Fed. R. Bankr. P. 7004(b)(9), by mailing

a copy of the Summons and Complaint to Lawrence W. Esquivel and Tara M. Esquivel at 71

Daggett Creek Road, Boise, Idaho 83716 which is the Debtors' address as shown in the petition,

statement of affairs, or other filed writings and by mailing a copy of the Summons and

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 2
K:\wdocs\cdamain\92400\0129\C0257235.DOC

1  Complaint to Jeffrey Phillip Kaufman at the Law Office of D. Blair Clark, PC, 1509 Tyrell Lane,

2  Suite 180, Boise, Idaho 83706.

3
      1.7     At all times material, WTB is a creditor of Lawrence W. Esquivel and Tara M.
4
   Esquivel and is duly authorized to bring this action.
5

6                    **III.     OPERATIVE FACTS FOR DENIAL OF DISCHARGE**

7      2.1     WTB reasserts paragraphs 1.1 through 1.7 above by reference as if specifically set

8  forth herein.

9
      2.2     On or about June 8, 2012, Tara Esquivel submitted a written financial statement
10
   to WTB (hereinafter referred to as "Financial Statement") in support of a $202,000 loan which
11
   purportedly disclosed the nature and extent of her assets and income.  A copy of the Financial
12
   Statement is attached hereto as **Exhibit 1**.
13

14     2.3     Due to Tara Esquivel's failure to pay the loan and WTB's inability to repossess

15 and liquidate the collateral for the loan as repayment for the loan, WTB filed suit against Tara

16 Esquivel for breach of the loan.  Tara Esquivel contested the suit filed by WTB, but ultimately

17
   the District Court for Ada County entered judgment against her on November 7, 2017, in the
18
   sum of $241,587.52.  A copy of the judgment is attached hereto as **Exhibit 2**.
19

20     2.4     Thereafter, a debtor's exam was conducted by WTB on November 28, 2017

21 wherein Tara Esquivel was examined, under oath, about her assets, including those assets which

22 had been identified in her written Financial Statement–including the nature and extent of her

23
   ownership interest reflected on this Financial Statement in Auto Claims Direct, Inc. stock
24
   ("ACD Stock") and a parcel of real property/duplex located at 446 Sinex Avenue Pacific Grove,
25
   California ("hereinafter referred to as "Duplex").  At this debtor's exam, Tara Esquivel provided
26

27 false statements under oath where she claimed that Lance W. Esquivel had conveyed his interest

28

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 3
K:\wdocs\cdamain\92400\0129\C0257235.DOC

in the Duplex to his parents in 2008/2009.  WTB alleges on information and belief that despite

what Tara Esquivel testified at the debtor's exam, there are no known recorded deeds evidencing

a transfer of Lawrence W. Esquivel's interest in the Duplex to his parents.  Furthermore, WTB

alleges that the 2012 Financial Statement which was executed by Tara Esquivel identifies that

Tara Esquivel maintained a 25 percent ownership interest in the Duplex as of June 8, 2012–

which WTB alleges is approximately four years after Tara Esquivel claims that their interest in

this Duplex had purportedly been conveyed from Lance W. Esquivel to his parents.

2.5     Subsequent to this Debtor's exam, WTB proceeded to garnish Tara Esquivel's

wages from her employer ACD, Inc.  WTB had to retain counsel in California in order to

conduct this garnishment and incurred further legal expenses in having to do so due to a failure

by Tara Esquivel to propose any sort of repayment plan to WTB.

2.6     WTB garnished Tara Esquivel's wages from approximately June 2018 through

September 30, 2018.  Thereafter, the garnishment was ceased due to the Esquivels' bankruptcy

filing with this Court on October 1, 2018.  WTB alleges that the Esquivels' purpose in filing the

bankruptcy was to prevent WTB from being able to continue to garnish the substantial income

stream (approximately $18,000 per month) that Tara Esquivel was receiving from ACD, Inc.

2.7     In the Esquivels' bankruptcy schedules, Lawrence W. Esquivel and Tara

Esquivel only disclose that they have an ownership interest in one parcel of real property and

that this parcel of real property is located in Idaho.  Dkt. No. 24, Schedules A/B, § 1.1.

Lawrence W. Esquivel and Tara Esquivel fail to disclose in Schedules A/B, § 1.1, that

Lance W. Esquivel owned a 25 percent ownership interest in the Duplex.  According to the

Financial Statement provided by Tara Esquivel, the value of Lawrence W. Esquivel's

ownership interest in the Duplex dating back to 2012 was not less than $231,260.

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 4
K:\wdocs\cdamain\92400\0129\C0257235.DOC

2.8 At the 341 Meeting of Creditors on November 5, 2018, Lawrence W. Esquivel was asked under oath whether the Duplex was being rented–since no one from his family apparently lives in the Duplex. Lawrence W. Esquivel testified under oath that he did not know, but presumably this Duplex is being rented to third parties. In Lawrance W. Esquivel's and Tara Esquivel's bankruptcy schedules, (Dkt. No. 24, Schedule A/B), Lawrance W. Esquivel and Tara Esquivel do not disclose his 25 percent interest in lease proceeds from the Duplex.

2.9 In Lawrence W. Esquivel and Tara M. Esquivel's bankruptcy schedules, the Esquivels identify Tara Esquivel as having a 9 percent ownership interest in ACD, Inc., but they claim that the value of this ACD Stock interest is "unknown." Dkt. No. 24, Schedules A/B, § 19. However, in the Financial Statement provided, Tara Esquivel identifies that her 21 percent stock interest in ACD, Inc. as being worth $1,575,000. At the 341 Meeting of Creditors, Tara Esquivel testified in detail how she came up with the $1,575,000 valuation of the ACD Stock on the financial statement by "looking at what I thought the company was making and factored in five times that would be the value of the company. And 21% of that equals 15, one million five hundred and seventy five."

2.10 In the Esquivels' bankruptcy schedules, Lawrence W. Esquivel and Tara M. Esquivel do not identify that Lawrence W. Esquivel has any interest in a Trust. At the 341 Meeting of Creditors conducted on November 5, 2018, Lawrence W. Esquivel denied having any knowledge of whether he was a beneficiary of this Trust.

2.11 On November 5, 2018, Lawrence W. Esquivel answered questions under oath at the 341 meeting of creditors. Lawrence W. Esquivel made false statements under oath at the meeting of creditors which included denying that he had any ownership interest in the

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 5
K:\wdocs\cdamain\92400\0129\C0257235.DOC

Duplex and denying that he never had any knowledge about having an ownership interest in the Duplex.

2.12    On November 5, 2018, Tara M. Esquivel answered questions under oath at the 341 meeting of creditors.  Tara Esquivel made false statements under oath at the meeting of creditors which included claiming that she did not know who input the financial information onto the Financial Statement.  Later at the 341 meeting of creditors,  Tara M. Esquivel contradicted this statement under oath wherein she acknowledges that she was the one who was involved in creating the financial information in the Financial Statement, no one else was involved, and that the reference to the Duplex in the Financial Statement was something she provided and that she had come to understand that they had ownership interest in the Duplex through past conversations with Lance W. Esquivel's parents.

2.13    On November 19, 2018, Tara Esquivel answered questions under oath at the continued 341 Meeting of Creditors.  Tara Esquivel again contradicted her prior testimony under oath regarding her involvement in creating the information contained within the Financial Statement.  On November 19, 2018 Tara Esquivel made false statements under oath by now claiming that she had no involvement in inputting any of the financial information into the Financial Statement and had no knowledge of the information contained in the Financial Statement when it was submitted to WTB in 2012 and that the information must have been created by Chris Bohnenkamp.

2.14    WTB alleges that after the Meeting of Creditors referenced above was completed, a trial was conducted regarding WTB's motion to convert the underlying bankruptcy proceeding from a Chapter 13 proceeding to a Chapter 7 proceeding.  At this trial, Lawrence W. Esquivel and Tara M. Esquivel made false oaths and accounts which include,

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 6
K:\wdocs\cdamain\92400\0129\C0257235.DOC

but not necessarily are limited to, false oaths regarding the nature and extent of their current

and past ownership interest in assets, Tara M. Esquivel's involvement in preparing the

Financial Statement, the nature and extent of their involvement in creating the Financial

Statement, the nature and extent of their transfer of assets referenced above, and the nature

and extent of their transactions involving their various business entities.

2.15    In Lawrence W. Esquivel's and Tara M. Esquivel's bankruptcy petition and

schedules, Lawrence W. Esquivel and Tara M. Esquivel have made false oaths and accounts

which include but are not necessarily limited to the false oaths which are identified herein.

2.16    WTB alleges that at a meeting of creditors, Lawrence W. Esquivel made false

oaths and accounts which include but are not necessarily limited to the false oaths which are

identified herein.

2.17    WTB alleges that Lawrence W. Esquivel and Tara M. Esquivel in this

proceeding have concealed, destroyed, mutilated, falsified or failed to keep or preserve any

record information, including books, documents, records, and papers from which Lawrence W.

Esquivel and Tara M. Esquivel and/or and Tara M. Esquivel's financial condition or business

transactions might be ascertained, including, but not necessarily limited to documents which

pertain to Lawrence W. Esquivel's beneficial interest in a Trust, Lawrence W. Esquivel's past

and current ownership interest in the Duplex, and Tara M. Esquivel's ownership interest and

business transactions involving ACD and her shares of stock in ACD.

### IV.    COUNT ONE:  VIOLATION OF 11 U.S.C. § 727(a)(3)

3.1    WTB realleges paragraphs 1.1 through 2.17 above.

3.2    WTB alleges that Lawrence W. Esquivel and Tara M. Esquivel have concealed,

destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including

ADVERSARY COMPLAINT OBJECTING TO DISCHARGE—PAGE 7
K:\wdocs\cdamain\92400\0129\C0257235.DOC

books, documents, records, and papers, from which Lawrence W. Esquivel and Tara M.

Esquivel's financial condition or business transactions might be ascertained.

      3.3    WTB alleges that such conduct violates 11 U.S.C. § 727(a)(3) and therefore

Lawrence W. Esquivel and Tara M. Esquivel should be denied a discharge.

## V.    COUNT TWO:  VIOLATION OF 11 U.S.C. § 727(a)(4)(A)

      4.1    WTB realleges paragraphs 1.1 through 3.3 above.

      4.2    WTB alleges that Lawrence W. Esquivel and Tara M. Esquivel have knowingly

and fraudulently, in connection with this case, made a false oath or account.

      4.3    WTB alleges that such conduct violates 11 U.S.C. § 727(a)(4)(A) and therefore

Lawrence W. Esquivel and Tara M. Esquivel should be denied a discharge.

## VI.    REQUESTED RELIEF

      Wherefore, WTB respectfully requests that this Court upon trial:

      1.    Order that the discharge sought by Lawrence W. Esquivel and Tara M. Esquivel

be denied; and

      2.    Grant such other and further relief to which WTB may justly be entitled.

      Dated this 27th day of November 2019.

                WITHERSPOON KELLEY

                /s/Mark A. Ellingsen
                Mark A. Ellingsen
                Attorneys for Creditor Washington Trust Bank